# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA

CASE NO.: _____

ROBERT BERNARD,

    Plaintiff,

vs.

FLY ALLIANCE CHARTER, LLC
f/k/a Wing Aviation Group, LLC,
a Foreign Limited Liability Company,

    Defendant.
_____/

## PLAINTIFF'S COMPLAINT

Plaintiff, ROBERT BERNARD, sues Defendant, FLY ALLIANCE CHARTER, LLC, formerly known as Wing Aviation Group, LLC, and shows:

### Jurisdiction and Venue

1. This is a civil action brought pursuant to the Uniformed Services Employment and Reemployment Rights Act of 1994, 38 U.S.C. §§ 4301 - 4333 ("USERRA"), as amended by the VOW to Hire Heroes Act of 2011, and Florida common law.

2. The jurisdiction of this court is founded on federal question jurisdiction, 28 U.S.C. §1331, as conferred by 38 U.S.C. §4323(b)(3), and 28 U.S.C. § 1367(a).

1

3. Venue is proper because Defendant FLY ALLIANCE CHARTER, LLC, Plaintiff's former employer, maintains a place of business in this district, as provided in 38 U.S.C. §4323(c)(2).

4. Venue is also proper because a substantial part of, if not all of, the events giving rise to the claim occurred in this district, as provided in 28 U.S.C. §1391(b)(2).

5. Plaintiff, at all relevant times in this Complaint, was a resident of Santa Rosa Beach, Walton County, Florida.

6. Defendant, FLY ALLIANCE CHARTER, LLC (hereinafter "FLY ALLIANCE"), formerly known as Wing Aviation Group, LLC, at all relevant times, was Plaintiff's employer as defined by 38 U.S.C. §4303(4)(A) and is a Foreign Limited Liability Company with its principal place of business in Ocoee, Orange County, Florida.

7. At all relevant times, the Plaintiff was and is a member of the United States Air Force.

8. At all times relevant herein, the Defendant was aware that Plaintiff was and is a member of the United States Air Force.

**Common Allegations**

9. Plaintiff, at all relevant times, was a member of the protected group of employees who were in the armed services.

10. Plaintiff was employed with FLY ALLIANCE, a company specializing in the chartering and maintenance of luxury private jets, from January 26, 2023 until on or about May 30, 2023, as a pilot.

11. On or about January 23, 2023, FLY ALLIANCE, known at that time as Wing Aviation Group, LLC, offered Plaintiff a position as a "Global Express First Officer" in which Plaintiff would pilot a Global Express jet and be paid an annual salary of $90,000.00.

12. This offer was made in the form of a written contract.

13. On January 23, 2023, Plaintiff accepted this written offer by signing the contract.

14. On January 26, 2023, a representative of Defendant finalized the contract by countersigning the written contract.

15. When the Plaintiff was hired, the Defendant was aware that Plaintiff was in the Air Force and that he may be required to report for active duty.

16. Upon signing the contract in late January, Plaintiff was informed by a representative of Defendant that the next available training for the Global Express First Officer position was in March 2023.

17. Plaintiff would be unable to regularly fly a FLY ALLIANCE jet until he completed this training.

18. Because Plaintiff would be unable to proceed with his FLY ALLIANCE duties in the month of February 2023 due to the March training, he requested active orders from the Air Force.

19. Plaintiff received active military orders for the first two weeks of February 2023.

20. Plaintiff was then contacted by FLY ALLIANCE requesting him to attend a February training.

21. Plaintiff informed FLY ALLIANCE that he was not able to attend the February training because he was on active orders for the Air Force.

22. Upon learning of Plaintiff's active military orders, FLY ALLIANCE informed Plaintiff they no longer had a position for him. However, FLY ALLIANCE did not formally terminate him.

23. Plaintiff began following up with Defendant on attending another training so that he could begin his position as a Global Express First Officer.

24. Defendant was non-committal and postponed his training month after month.

25. Simultaneously, Defendant was not paying the agreed upon salary pursuant to the written contract.

26. Because he was not earning a salary, Plaintiff had no choice but to seek employment elsewhere.

27. On April 18, 2023, Plaintiff interviewed in person with American Airlines ("American") and was offered a position on the spot.

28. The offer from American was contingent on various procedural requirements, one of which was a Federal Aviation Administration ("FAA") pilot records review pursuant to the Pilot Records Improvement Act ("PRIA").

29. American, pursuant to PRIA, was required to request records from FLY ALLIANCE.

30. FLY ALLIANCE was required to respond to the PRIA records request but did not do so.

31. FLY ALLIANCE's lack of response delayed Plaintiff's ability to begin his position with American by at least a month, thus delaying Plaintiff's salary and seniority status with American.

32. On May 25, 2023, Plaintiff began his employment with American.

33. On May 30, 2023, Plaintiff officially tendered his resignation to FLY ALLIANCE.

34. FLY ALLIANCE's adverse treatment of Plaintiff was directly related to Plaintiff's military status, including withdrawing the position they initially offered him, refusing to schedule him for training so he could begin his position as a Global Express First Officer, and delaying Plaintiff's commencement of employment with American. These actions were not taken against other, non-military employees.

## Count I
## Discrimination Under 38 U.S.C. §4311
## Against Defendant FLY ALLIANCE

35. The Plaintiff hereby reasserts and realleges paragraphs 1 through 34 above and incorporates same into Count I.

36. The Uniformed Services Employment and Reemployment Rights Act ("USERRA"), 38 U.S.C. §4311, prohibits discrimination in employment against individuals who have been called to duty in the uniformed services.

37. FLY ALLIANCE was Plaintiff's employer as defined by 38 U.S.C. §4303(4)(A).

38. That at all relevant times FLY ALLIANCE was under a duty to refrain from engaging in conduct in violation of USERRA by, among other duties, (a) failing to eliminate or minimize the disadvantages to Plaintiff's career and employment which resulted from his military service, and (b) discriminating and/or retaliating against Plaintiff because of his military service.

39. FLY ALLIANCE breached these duties, including, but not limited to, (a) eliminating or minimizing the disadvantages to Plaintiff's career and employment which resulted from his military service, (b) discriminating against Plaintiff because of his military service, and (c) by other violations that will be revealed in discovery.

40. Said breaches include, but are not limited to:

    a. withdrawing Plaintiff's position upon learning of his active military orders;

    b. failing to pay Plaintiff his agreed upon salary pursuant to the contract;

    c. refusing to schedule Plaintiff for training so that he could commence his position with Defendant; and

    d. delaying paperwork needed by Plaintiff's subsequent employer, thus delaying Plaintiff's employment.

41. FLY ALLIANCE's motive in these breaches was his participation in Air Force duty, which constitutes a violation of USERRA.

42. As a direct and proximate result of the conduct of FLY ALLIANCE as set forth in the above paragraphs, Plaintiff has suffered injuries and damages more fully set out below.

    (a) loss of past, present, and future wage compensation, loss of past, present and future fringe benefits, medical insurance, disability insurance, pension and retirement benefits, vacation and sick leave benefits, life insurance benefits, long term and short term disability benefits, profit-sharing benefits, travel and accident insurance benefits, and salary continuation, loss of the opportunity for future advancement to higher positions and the like.

(b) Plaintiff alleges such violations of USERRA were willful and requests liquidated damages pursuant to 38 U.S.C. §4323(d)(1)(C).

(c) An award of interest, costs and reasonable attorney's fees.

(d) Equitable relief including but not limited to the following: (1) an injunction prohibiting any further acts of retaliation or discrimination; and (2) whatever other equitable relief appears appropriate at the time of trial.

(e) Any other appropriate damages.

WHEREFORE, Plaintiff prays for a judgment that is fair and in accordance with the evidence produced at trial.

## Count II
## Breach of Contract Against Defendant FLY ALLIANCE

43. Plaintiff, BERNARD, realleges, as if fully set forth in Count II, the allegations of Paragraphs 1 through 34 above.

44. In January of 2023, BERNARD was offered a position with FLY ALLIANCE as a Global Express First Officer.

45. BERNARD was promised an annual salary of $90,000.00.

46. BERNARD accepted this offer and rate of pay and began work for FLY ALLIANCE, thereby forming a contract for his services.

47. BERNARD was employed and under contract for FLY ALLIANCE between January and May 2023 but received no compensation during that time under the contract.

48. FLY ALLIANCE breached the contract by failing to pay BERNARD the agreed upon salary.

49. BERNARD had communications with FLY ALLIANCE informing them that he had not been paid, to no avail.

50. FLY ALLIANCE's failure to pay BERNARD his salary owed has resulted in damages to BERNARD.

51. BERNARD is entitled to recover from Defendant FLY ALLIANCE his unpaid wages, the costs of this action, and a reasonable attorney's fee.

WHEREFORE, Plaintiff prays that this Honorable Court:

   a. Enter judgment for BERNARD and against FLY ALLIANCE on the basis of its breach of contract;

   b. Award BERNARD actual and compensatory damages;

   c. Award BERNARD reasonable attorneys' fees and costs of suit; and

   d. Other such relief as this Court deems just.

## Demand for Jury Trial

Plaintiff, ROBERT BERNARD, demands trial by jury on all issues so triable.

Dated: **June 15, 2023**
Plantation, Florida

Respectfully submitted,

*/s/ Robert S. Norell*
Robert S. Norell, Esq. (Fla. Bar No. 996777)
E-Mail: Rob@floridawagelaw.com
James A. Peterson, Esq. (Fla Bar No. 645621)**
E-Mail: James@floridawagelaw.com
**ROBERT S. NORELL, P.A.**
300 NW 70th Avenue
Suite 305
Plantation, Florida 33317
Telephone: (954) 617-6017
Facsimile: (954) 617-6018
**\*Designates Lead Attorney**
*Counsel for ROBERT BERNARD*